# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILSON SPORTING GOODS CO. D/B/A, DeMARINI SPORTS,<br><br>Plaintiff,<br><br>vs.<br><br>EASTON BASEBALL/SOFTBALL INC.,<br><br>Defendant. | Case No. 1:16-cv-3023<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY** |

Plaintiff Wilson Sporting Goods Co. d/b/a DeMarini Sports ("DeMarini") alleges the following against Plaintiff Easton Baseball/Softball Inc. ("Easton"):

## The Parties

1. Wilson Sporting Goods Co. d/b/a DeMarini Sports is a Delaware corporation with its principal business offices located at 8750 W. Bryn Mawr Avenue, Chicago, Illinois.

2. On information and belief, Easton is a Delaware corporation, with its principal place of business located at 7855 Haskell Avenue, Suite 200, Van Nuys, California 91406. Easton does business in the State of Illinois and the County of Cook.

## Jurisdiction And Venue

3. This patent infringement action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

4. This court has subject matter under 28 U.S.C. §§ 1331, 1332 and 1338.

5. This Court has personal jurisdiction over Easton because Easton engages in business

within this district, Easton has placed infringing ball bats into the stream of commerce in this district, and Easton is selling infringing products in this district.

6. Venue is proper under 28 U.S.C. §§ 1391 (a) and (b) and 28 U.S.C. § 1400(b). The court has personal jurisdiction over Easton, and Easton has committed infringing acts in this district.

**General Allegations**

7. Ray DeMarini founded DeMarini Sports in 1989. Mr. DeMarini was a cult hero to avid softball players. His scientific approach to hitting was so successful that the approach became the subject of an ESPN home instructional video.

8. DeMarini released the world's first multi-wall bat in 1993. Like a modern golf driver or oversized tennis racket, the multi-wall bat had a wide sweet spot zone that allowed average players to hit like pros. DeMarini's sales increased and opposing bat manufacturers began trying to catch up with the new technology. DeMarini quickly went from a small start-up to a producer of some of the world's finest bats based upon its industry leading technology.

9. Released in 2002, DeMarini's Half & Half Technology was one of the first systems to combine a separate handle and bat barrel to create a "two-piece" bat. The two-piece bat permits a manufacturer to optimize both the handle and the bat barrel separately to create a better bat.

10. DeMarini filed for a patent on its two-piece bat design on April 2, 2002. On June 4, 2004, the United States Patent and Trademark Office issued United States Patent No. 6,743,127 (the "'127 Patent"). DeMarini attaches to this complaint a true and correct copy of the '127 Patent as Exhibit 1.

11. DeMarini is the owner by assignment of the '127 Patent and has the right to bring actions for infringement of the '127 Patent and to recover damages for infringement of the '127 Patent.

12. DeMarini filed for a second patent on the two-piece bat design on October 28, 2003. On September 20, 2005, the United States Patent and Trademark Office issued United States Patent

No. 6,945,886 ("'886 Patent"). DeMarini attaches to this complaint a true and correct copy of the '886 Patent as Exhibit 2.

13. DeMarini is the owner by assignment of the '886 Patent and has the right to bring actions for infringement of the '886 Patent and to recover damages for infringement of the '886 Patent.

14. Easton is a manufacturer of bats and a competitor of DeMarini.

15. Upon information and belief, Easton had knowledge of the '127 Patent and the '886 Patent in at least 2007.

16. Over at least the past five years, Easton has designed bats with knowledge of both the '127 Patent and '886 Patent.

17. Easton has sold two-piece bats that willfully infringe the '127 Patent and the '886 Patent.

18. Over the past five years, at least the following two-piece bat models have incorporated DeMarini's patented two-piece design:

Easton Mako,

Easton Mako Torq,

Easton XL,

Easton Mako S1,

Easton XL1,



Easton FS1,

Easton L1.



(collectively the "Easton Two-Piece Bats").

19. Easton marks several models of the Easton Two-Piece Bats with the words "2 Piece."

20. Below are images of two of the Easton Two-Piece Bats, the 2016 Easton Mako XL and the 2014 Easton XL1, alongside of Figure 2 of the '127 Patent. The images show separate black handles directly contacting the barrels as claimed in the DeMarini patents.



Cutaway 2016 Easton Mako XL "2 Piece" Bat



Figure 2 of the '127 Patent



Cutaway 2014 Easton XL1 "2 Piece" Bat

4

## FIRST CLAIM
### Infringement of U.S. Patent No. 6,743,127

21. DeMarini incorporates all of the averments contained in the above paragraphs 1 through 20.

22. Easton has itself, or through its agents, infringed the '127 Patent literally and/or under the doctrine of equivalents, by making, using, offering to sell and/or selling within the United States and/or by importing into the United States Easton Two-Piece Bats that embody and fall within the scope of the '127 Patent claims, and Easton will continue to infringe unless enjoined by this Court.

23. Easton and DeMarini are competitors in the bat industry.

24. Easton's infringement causes, or is likely to cause, DeMarini competitive or commercial injury, entitling DeMarini to lost profits and/or other relief under 35 U.S.C. § 284.

25. On information and belief, Easton had actual notice of the '127 Patent, and its infringement is willful and deliberate. Easton knowingly designed, sold, imported, and acted despite an objectively high likelihood that its actions constituted infringement of the '127 patent.

## SECOND CLAIM
### Infringement of U.S. Patent No. 6,945,886

26. DeMarini incorporates all of the averments contained in the above paragraphs 1 through 25.

27. Easton has itself, or through its agents, infringed the '886 Patent literally and/or under the doctrine of equivalents, by making, using, offering to sell and/or selling within the United States and/or by importing into the United States Easton Two-Piece Bats that embody and fall within the scope of the '886 Patent claims, and Easton will continue to so infringe unless enjoined by this Court.

28. Easton and DeMarini are competitors in the bat industry.

29. Easton's infringement causes, or is likely to cause, DeMarini competitive or commercial injury, entitling DeMarini to lost profits and/or other relief under 35 U.S.C. § 284.

30. On information and belief, Easton had actual notice of the '886 Patent, and its infringement is willful and deliberate. Easton knowingly designed, sold, imported, and acted despite an objectively high likelihood that its actions constituted infringement of the '886 patent.

### **REQUESTED RELIEF**

**Wherefore**, Plaintiff Wilson Sporting Goods Co., d/b/a DeMarini Sports, seeks the following judgment from the Court:

    A.    Easton has infringed and continues to infringe one or more claims of the '127 Patent and the '886 Patent;

    B.    Easton's infringement of one of more claims of the '127 patent and the '886 patent is willful;

    C.    Easton, its officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Easton, be enjoined from infringement of the '127 Patent and the '886 Patent under 35 U.S.C. § 283;

    D.    DeMarini be awarded all damages adequate to compensate DeMarini for Easton's infringement of the '127 patent and the '886 patent, and such damages be trebled under 35 U.S.C. § 284 and awarded to DeMarini, with interest;

    E.    This case be adjudged an exceptional case under 35 U.S.C. § 285, and DeMarini be awarded attorneys' fees, costs, and all expenses incurred in this action;

/ / / /

F. DeMarini be awarded such other and further relief as the Court deems just and proper.

Dated: March 10, 2016

/s/ Jeffery A. Key
Jeffery A. Key, Esq. (#6269206)
KEY & ASSOCIATES
321 N. Clark Street, Suite 500
Chicago, Illinois 60654
(312) 560-2148
jakey@key-and-associates.com

Bradley T. Fox
brad@foxgroupllc.com
Fox Law Group LLC
528C Main Avenue
Durango, CO 81301
Telephone: 970-317-3580
Facsimile: 866-348-4107

Attorneys for Plaintiff
Wilson Sporting Goods Co., d/b/a DeMarini Sports

## JURY DEMAND

Plaintiff hereby demands a trial by the maximum number of jurors permitted by law.

/s/ Jeffery A. Key
Jeffery A. Key, Esq. (#6269206)
Wilson Sporting Goods Co., d/b/a DeMarini Sports